## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| MAX BLU TECHNOLOGIES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 2:15-cv-1784 |
| v. | § | |
| | § | **JURY TRIAL DEMANDED** |
| MUSIC BOX FILMS CORPORATION and | § | |
| SOUTHPORT MUSIC BOX | § | |
| CORPORATION, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Max Blu Technologies, LLC (hereinafter, "Plaintiff" or "Max Blu"), by and through its undersigned counsel, files this Original Complaint for Patent Infringement against Defendants Music Box Films Corporation and Southport Music Box Corporation (hereinafter, "Defendants" or "Music Box") as follows:

## NATURE OF THE ACTION

1.      This is a patent infringement action to stop Defendants' infringement of the following patents (collectively, the "Patents-in-Suit"), which were duly and legally issued by the United States Patent and Trademark Office (hereinafter, the "USPTO"), copies of which are attached hereto as **Exhibits A through E,** respectively.

| | Patent No. | Title |
|---|---|---|
| A. | 7,352,685 | REVERSE OPTICAL MASTERING FOR DATA STORAGE DISK REPLICAS |
| B. | 7,801,016 | REVERSE OPTICAL MASTERING FOR DATA STORAGE DISK REPLICAS |
| C. | 8,593,931 | REPLICA DISK FOR DATA STORAGE |
| D. | RE44633 | REVERSE OPTICAL MASTERING FOR DATA STORAGE DISK REPLICAS |
| E. | 8,705,334 | REPLICA DISK FOR DATA STORAGE |

2.      Each of the Patents-in-Suit traces its priority date back to Application No. 09/055,825 (hereinafter, "the '825 Application"), which was filed with the USPTO on April 6, 1998, and was the parent to Application No. 09/730,246 (hereinafter, "the '246 Application"), which was filed with the USPTO on December 5, 2000 and issued as United States Patent No. 6,890,704. Application No. 09/850,252 (hereinafter, "the '252 Application") was a continuation-in-part application of the '246 Application, which was filed with the USPTO on May 7, 2001 and issued as United States Patent No. 6,728,196 on April 27, 2004.

3.      Plaintiff is the owner of the Patents-in-Suit and possesses all right, title and interest in the Patents-in-Suit, including the right to enforce the Patents-in-Suit, the right to license the Patents-in-Suit, and the right to sue Defendants for infringement and recover past damages. Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

4.      Max Blu is a limited liability company organized and existing under the laws of the State of Texas and maintains its principal place of business at 104 East Houston Street, Suite 150, Marshall, Texas, 75670 (Harrison County).

5.      According to public information, Music Box Films Corporation (hereinafter, "Music Box Films") is a corporation duly organized and existing under the laws of the State of Illinois since October 22, 2007 and having its principal place of business located at 173 N.

Morgan Street, Chicago, Illinois, 60607 (Cook County), and may be served through its registered agent, William G Schopf, who is located at 942 West Lake Street, Chicago, Illinois, 60607.

6.      According to public information, Southport Music Box Corporation (hereinafter, "Southport") is a corporation duly organized and existing under the laws of the State of Illinois since December 1, 2003 and having its principal place of business located at 942 West Lake Street, Chicago, Illinois, 60607 (Cook County), and may be served through its registered agent, William G Schopf, who is located at 942 West Lake Street, Chicago, Illinois, 60607.

7.      According to public information, Music Box Films Corporation is independently owned and operated by the Southport Music Box Corporation.

8.      Upon information and belief, Defendants ship, distribute, make, use, offer for sale, sell, and/or advertise Blu-ray disk products and services, with such disks including, but not limited to, *Ida* (the "Blu-ray Disks").

## JURISDICTION AND VENUE

9.      This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.  This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

10.      The Court has personal jurisdiction over Defendants because: Defendants have minimum contacts within the State of Texas and in the Eastern District of Texas; Defendants have purposefully availed themselves of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; Defendants have sought protection and benefit from the laws of the State of Texas; Defendants regularly conduct business within the State of Texas and within the Eastern District of Texas, and Plaintiff's causes of action arise directly from Defendants' business contacts and other activities in the State of Texas and in the Eastern District of Texas.

11.     More specifically, Defendants, directly and/or through their intermediaries, ship, distribute, make, use, import, offer for sale, sell, and/or advertise their products and affiliated services in the United States, the State of Texas, and the Eastern District of Texas. Defendants have committed patent infringement in the State of Texas and in the Eastern District of Texas. Defendants solicit customers in the State of Texas and in the Eastern District of Texas. Defendants have many paying customers who are residents of the State of Texas and the Eastern District of Texas and who use Defendants' products in the State of Texas and in the Eastern District of Texas.

12.     Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND INFORMATION

13.     The Patents-in-Suit were duly and legally issued by the United States Patent and Trademark Office after full and fair examinations. Plaintiff is the owner of the Patents-in-Suit, and possesses all right, title and interest in the Patent-in-Suit including the right to enforce the Patents-in-Suit, the right to license the Patents-in-Suit, and the right to sue Defendants for infringement and recover past damages.

14.     Defendants sell, advertise, offer for sale, use, or otherwise provide the Blu-ray Disks (collectively, the "Accused Products"). A picture of the representative packaging for the Accused Products is attached as **Exhibit F** (packaging for *Ida*).

15.     According to public information, Defendants own, operate, advertise, and/or control the website www.*musicboxfilms*.com, through which Defendants advertise, sell, offer to sell, provide and/or educate customers about the Accused Products. Evidence obtained from Defendants website regarding these products is provided in **Exhibit G** (sale of *Ida*) and **Exhibit H** (sale of other Blu-ray disks).

16.     A representative analysis of the physical characteristics of the Accused Products is attached as **Exhibit I** (analysis of *Ida*).

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,352,685

17.     Plaintiff re-alleges and incorporates by reference each of Paragraphs 1-16 above.

18.     United States Patent No. 7,352,685 (hereinafter, the "'685 Patent") was duly and legally issued by the USPTO on April 1, 2008 to its inventors, Jathan D. Edwards and Donald J. Kerfeld, and was initially assigned to Imation Corporation.  See **Ex. A.**

19.     The '685 Patent was issued after full and fair examination of application number 10/790,970 which was filed with the USPTO on March 2, 2004 as a continuation of application number 09/850,252 (which itself issued as United States Patent No. 6,728,196).  See **Ex. A**.

20.     A Certificate of Correction was issued for the '685 Patent on February 16, 2010. See **Ex. A**.

21.     Defendants have infringed and continue to infringe the '685 Patent either literally or under the doctrine of equivalents through the manufacture and sale of infringing products. More specifically, Defendants hav infringed and continue to infringe one or more claims of the '685 Patent, including at least Claims 1, 2-4, 7, 19, 20-28, 29, and 30-35 (the "'685 Patent Claims"), because they ship, distribute, make, use, import, offer for sale, sell, and/or advertise the Accused Products.  Specifically, Defendants' Accused Products infringe the '685 Patent Claims by providing to their customers optical disks with the physical characteristics as claimed in the '685 Patent Claims.  See, e.g., **Ex. F**; **Ex. I.**  Defendants' Accused Products are available for sale on their website and through various retailers located in this district and throughout the United States.  See, e.g., **Ex. G; Ex. H.**

22.     Defendants have intentionally induced and continue to induce infringement of the '685 Patent Claims in this district and elsewhere in the United States, by their intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendants' customers to use the Accused Products in an infringing manner.  Despite knowledge of the '685 Patent as early as the date of service of the Original Complaint in this action, Defendants continue to encourage, instruct, enable, and otherwise cause their customers to use teir systems and methods, in a manner which infringes the '685 Patent claims.[1] Defendants' source of revenue and business focus is the provision of and sale of the Accused Products.  Defendants have specifically intended their customers to use their systems and methods in such a way that infringes the '685 Patent by, at a minimum, providing and supporting the Accused Products and instructing their customers on how to use them in an infringing manner, at least through information available on Defendants' website including information brochures, promotional material, and contact information.  See **Ex. G, Ex.-H**.  Defendants knew that their actions, including, but not limited to any of the aforementioned systems and methods, would induce, have induced, and will continue to induce infringement by their customers by continuing to sell, support, and instruct their customers on using the Accused Products. *Id.*

23.     Defendants' aforesaid activities have been without authority and/or license from Plaintiff.

---

[1] See *InMotion Imagery Technologies v. Brain Damage Films*, Case No. 2:11-CV-414-JRG, 2012 WL 3283371, at *3 (E.D. Tex. Aug. 10, 2012) (noting that "there can be no dispute that [defendant] ha[d] actual notice of the [patent] at least as of the time of the filing of this lawsuit," and further holding that "[w]hile the [c]omplaint does not explicitly plead facts to show that [defendant] had a specific intent to induce infringement, it is not necessary to provide detailed factual support for each and every element of inducement."); see also, *Patent Harbor LLC v. Dreamworks Animation SKG, Inc.,* Case No. 6:11–cv–229 (E.D. Tex. July 27, 2012); *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012).

24.     Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

25.     Defendants' infringement of Plaintiff's rights under the ''685 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 7,801,016

26.     Plaintiff re-alleges and incorporates by reference each of Paragraphs 1-16 above.

27.     United States Patent No. 7,801,016 (hereinafter, the "'016 Patent") was duly and legally issued by the USPTO on September 21, 2010 to its inventors, Jathan D. Edwards and Donald J. Kerfeld, and was initially assigned to Imation Corporation.  See **Ex. B**.

28.     The '016 Patent was issued after full and fair examination of application number 12/584,454 which was filed with the USPTO on September 4, 2009 as a continuation of application number 10/790,965 (which itself issued as United States Patent No. 7,600,992).  See **Ex. B**.

29.     Defendants have infringed and continue to infringe the '016 Patent either literally or under the doctrine of equivalents through the manufacture and sale of infringing products. Defendants have infringed and continue to infringe one or more claims of the '016 Patent, including at least Claims 1 and 5 (the "'016 Patent Claims"), because they ship, distribute, make, use, import, offer for sale, sell, and/or advertise the Accused Products.  Specifically, Defendants' Accused Products infringe the '016 Patent Claims by providing to their customers optical disks with the physical characteristics as claimed in the '016 Patent Claims.  See, e.g., **Ex. F**; **Ex. I**.

Defendants' Accused Products are available for sale on their website and through various retailers located in this district and throughout the United States.  See, e.g., **Ex. G; Ex. H.**

30.      Defendants have intentionally induced and continue to induce infringement of the ''016 Patent Claims in this district and elsewhere in the United States, by their intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendants' customers to use the Accused Products in an infringing manner.  Despite knowledge of the '016 Patent as early as the date of service of the Original Complaint in this action, Defendants continue to encourage, instruct, enable, and otherwise cause their customers to use their systems and methods, in a manner which infringes the '016 Patent claims.[2] Defendants' source of revenue and business focus is the provision of and sale of the Accused Products.   Defendants have specifically intended their customers to use their systems and methods in such a way that infringes the '016 Patent by, at a minimum, providing and supporting the Accused Products and instructing their customers on how to use them in an infringing manner, at least through information available on Defendants' website including information brochures, promotional material, and contact information.  See **Ex. G, Ex.-H**.  Defendants knew that their actions, including, but not limited to any of the aforementioned systems and methods, would induce, have induced, and will continue to induce infringement by their customers by continuing to sell, support, and instruct their customers on using the Accused Products. *Id.*

31.      Defendants' aforesaid activities have been without authority and/or license from Plaintiff.

32.      Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial, which, by law,

---

[2] See Footnote 1 above.

cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

33.     Defendants' infringement of Plaintiff's rights under the '016 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

**COUNT III**
**INFRINGEMENT OF U.S. PATENT NO. 8,593,931**

34.     Plaintiff re-alleges and incorporates by reference each of Paragraphs 1-16 above.

35.     United States Patent No. 8,593,931 (hereinafter, the "'931 Patent") was duly and legally issued by the USPTO on November 26, 2013 to its inventors, Jathan D. Edwards and Donald J. Kerfeld, and was initially assigned to Legger Col. A.B. LLC.  See **Ex. C**.

36.     The '931 Patent was issued after full and fair examination of application number 13/730,733 which was filed with the USPTO on December 28, 2012 as a continuation of application number 13/089,994 (which itself issued as United States Patent No. 8,363,534).  See **Ex. C**.

37.     Defendants have infringed and continue to infringe the '931 Patent either literally or under the doctrine of equivalents through the manufacture and sale of infringing products. Defendants have infringed and continue to infringe one or more claims of the '931 Patent, including at least Claims 1, 4, 7, 9, 10, and 11 (the "'931 Patent Claims") because they ship, distributes make, use, import, offer for sale, sell, and/or advertise the Accused Products. Specifically, Defendants' Accused Products infringe the '931 Patent Claims by providing to their customers optical disks with the physical characteristics as claimed in the '931 Patent Claims. See, e.g., **Ex. F**; **Ex. I**.  Defendants' Accused Products are available for sale on their website and

through various retailers located in this district and throughout the United States.  See, e.g., **Ex. G; Ex. H.**

38.     Defendants have intentionally induced and continue to induce infringement of the '931 Patent Claims in this district and elsewhere in the United States, by i their ts intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendants' customers to use the Accused Products in an infringing manner.  Despite knowledge of the '931 Patent as early as the date of service of the Original Complaint in this action, Defendants continue to encourage, instruct, enable, and otherwise cause their customers to use their systems and methods, in a manner which infringes the '931 Patent claims.[3] Defendants' source of revenue and business focus is the provision of and sale of the Accused Products.  Defendants have specifically intended their customers to use their systems and methods in such a way that infringes the '931 Patent by, at a minimum, providing and supporting the Accused Products and instructing their customers on how to use them in an infringing manner, at least through information available on Defendants' website including information brochures, promotional material, and contact information.  See **Ex. G, Ex.-H**.  Defendants knew that their actions, including, but not limited to any of the aforementioned systems and methods, would induce, have induced, and will continue to induce infringement by their customers by continuing to sell, support, and instruct their customers on using the Accused Products. *Id.*

39.     Defendants' aforesaid activities have been without authority and/or license from Plaintiff.

40.     Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial, which, by law,

---

[3] See Footnote 1 above.

cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

41.     Defendants' infringement of Plaintiff's rights under the '931 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

**COUNT IV**
**INFRINGEMENT OF U.S. PATENT NO. RE44633**

42.     Plaintiff re-alleges and incorporates by reference each of Paragraphs 1-16 above.

43.     United States Reissued Patent No. RE44633 (hereinafter, the "'633 Patent") was duly and legally issued by the USPTO on December 10, 2013 to its inventors, Jathan D. Edwards and Donald J. Kerfeld, and was initially assigned to Legger Col. A.B. LLC.  <u>See</u> **Ex. D**.  The '633 Patent was filed with the USPTO on September 23, 2011 as application number 13/243,939. *Id.*

44.     The reexamination that resulted in the issuance of the '633 Patent was based on United States Patent No. 7,952,986 (the "'986 Patent"), which issued on May 31, 2011 from Application No. 12/852,139 and was filed with the USPTO on August 6, 2010, as a continuation of application number 12/ 584,454 (which itself issued as United States Patent No. 7,801,016) <u>See</u> **Ex. D**.

45.     Defendants have infringed and continue to infringe the '633 Patent either literally or under the doctrine of equivalents through the manufacture and sale of infringing products. Defendants have infringed and continue to infringe one or more claims of the '633 Patent, including at least Claims 1, 2, 15, 16, 18, and 19 (the "'633 Patent Claims") because they ship, distribute, make, use, import, offer for sale, sell, and/or advertise the Accused Products. Specifically, Defendants' Accused Products infringe the '633 Patent Claims by providing to their

customers optical disks with the physical characteristics as claimed in the '633 Patent Claims. <u>See, e.g.,</u> **Ex. F**; **Ex. I.** Defendants' Accused Products are available for sale on their website and through various retailers located in this district and throughout the United States. <u>See, e.g.,</u> **Ex. G; Ex. H.**

46. Defendants have intentionally induced and continue to induce infringement of the '633 Patent Claims in this district and elsewhere in the United States, by their intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendants' customers to use the Accused Products in an infringing manner. Despite knowledge of the '633 Patent as early as the date of service of the Original Complaint in this action, Defendants continue to encourage, instruct, enable, and otherwise cause their customers to use their systems and methods, in a manner which infringes the '633 Patent claims.[4] Defendants' source of revenue and business focus is the provision of and sale of the Accused Products. Defendants have specifically intended their customers to use their systems and methods in such a way that infringes the '633 Patent by, at a minimum, providing and supporting the Accused Products and instructing their customers on how to use them in an infringing manner, at least through information available on Defendants' website including information brochures, promotional material, and contact information. <u>See</u> **Ex. G, Ex.-H**. Defendants knew that their actions, including, but not limited to any of the aforementioned systems and methods, would induce, have induced, and will continue to induce infringement by their customers by continuing to sell, support, and instruct their customers on using the Accused Products. *Id.*

47. Defendants' aforesaid activities have been without authority and/or license from Plaintiff.

---

[4] <u>See</u> Footnote 1 above.

48.     Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

49.     Defendants' infringement of Plaintiff's rights under the '633 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT V
## INFRINGEMENT OF U.S. PATENT NO. 8,705,334

50.     Plaintiff re-alleges and incorporates by reference each of Paragraphs 1-16 above.

51.     United States Patent No. 8,705,334 (hereinafter, the "'334 Patent") was duly and legally issued by the USPTO on April 22, 2014 to its inventors, Jathan D. Edwards and Donald J. Kerfeld, and was initially assigned to Legger Col. A.B. LLC.  See Exhibit E.

52.     The '334 Patent was issued after full and fair examination of application number 14/065,337, which was filed with the USPTO on October 28, 2013 as a continuation of application number 13/730,733 (which itself issued as United States Patent No. 8,593,931).  See Exhibit E.

53.     Defendants have infringed and continue to infringe the '334 Patent either literally or under the doctrine of equivalents through the manufacture and sale of infringing products. Defendants have infringed and continue to infringe one or more claims of the '334 Patent, including at least Claims 1 and 18 (the "'334 Patent Claims"), because they ship, distribute, make, use, import, offer for sale, sell, and/or advertise the Accused Products.  Specifically, Defendants' Accused Products infringe the '334 Patent Claims by providing to their customers optical disks with the physical characteristics as claimed in the '334 Patent Claims.  See, e.g.,

**Ex. F**; **Ex. I.**  Defendants' Accused Products are available for sale on their website and through various retailers located in this district and throughout the United States.  See, e.g., **Ex. G; Ex. H.**

54.     Defendants have intentionally induced and continue to induce infringement of the '334 Patent Claims in this district and elsewhere in the United States, by their intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendants' customers to use the Accused Products in an infringing manner.  Despite knowledge of the '334 Patent as early as the date of service of the Original Complaint in this action, Defendants continue to encourage, instruct, enable, and otherwise cause their customers to use their systems and methods, in a manner which infringes the '334 Patent claims.[5] Defendants' source of revenue and business focus is the provision of and sale of the Accused Products.   Defendants have specifically intended their customers to use their systems and methods in such a way that infringes the '334 Patent by, at a minimum, providing and supporting the Accused Products and instructing their customers on how to use them in an infringing manner, at least through information available on Defendants' website including information brochures, promotional material, and contact information.  See **Ex. G, Ex.-H**.  Defendants knew that their actions, including, but not limited to any of the aforementioned systems and methods, would induce, have induced, and will continue to induce infringement by their customers by continuing to sell, support, and instruct their customers on using the Accused Products. *Id.*

55.     Defendants' aforesaid activities have been without authority and/or license from Plaintiff.

---

[5] See Footnote 1 above.

56.     Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

57.     Defendants' infringement of Plaintiff's rights under the '334 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

58.     Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

59.     Plaintiff respectfully requests the following relief:

A.      An adjudication that one or more claims of the Patents-in-Suit has been infringed, either literally and/or under the doctrine of equivalents, by the Defendants;

B.      An adjudication that Defendants have induced infringement of one or more claims of the Patents-in-Suit;

C.      An award of damages to be paid by Defendants adequate to compensate Plaintiff for Defendants' past infringement and any continuing or future infringement up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Defendants' infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

D.      A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendants and their respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from further acts of infringement with respect to any one or more of the claims of the Patents-in-Suit;

E.      That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

F.      Any further relief that this Court deems just and proper.

Dated: November 19, 2015

Respectfully submitted,

By: /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
**THE DAVIS FIRM P.C.**
213 North Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661
E-mail: bdavis@bdavisfirm.com

**Of Counsel:**

James F. McDonough, III (Bar No. 117088, GA)
**HENINGER GARRISON DAVIS, LLC**
3621Vinings Slope, Suite 4320
Atlanta, Georgia 30339
Telephone: (404) 996-0869
Facsimile: (205) 547-5502
Email: jmcdonough@hgdlawfirm.com

***Attorneys for Plaintiff***
***Max Blu Technologies, LLC***